UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>          Plaintiff,<br><br>   v.<br><br>J. BYRD, et al.,<br><br>          Defendants. | No. 2:21-cv-0954-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).
4       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).
12      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.
17      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

25      Plaintiff asserts a First Amendment retaliation claim and an Eighth Amendment denial of
26 exercise claim.  His allegations consist of the following: On April 21, 2021, plaintiff filed a
27 lawsuit against staff at California Medical Facility.  ECF No. 1 at 4.  On May 13, 2021, defendant
28 Rangel told plaintiff he had sued "several good officers." *Id.* at 6.  Plaintiff asked, "What does

my lawsuit have to do with you?" *Id.* Rangel responded that she would be presiding over plaintiff's upcoming disciplinary hearing. *Id.* She offered to drop the rules violation against plaintiff if he dismissed his lawsuit. *Id.* She warned that if plaintiff did not drop his lawsuit, she would find him guilty. *Id.* at 7. On May 20, 2021, after deeming all of plaintiff's questions for witnesses irrelevant and denying plaintiff's requests for favorable witnesses, Rangel found plaintiff guilty of the rules violation (indecent exposure). *Id.* at 7-8. Plaintiff's punishment included a 180-day loss of credits and a 180-day loss of all privileges, including exercise and yard time. *Id.* at 9. At the conclusion of the hearing, Rangel asked, "You wish you would have taken my offer, huh?" *Id.*

The same day, Rangel presided over and found plaintiff guilty of a second rules violation (threatening staff). *Id.* at 9-10. When plaintiff sought to file an administrative appeal, Rangel responded, "No forms here for you Mr. Howell, and trust me, I have [sic] better not see my name on any damn appeal or I'll be back up here and trust me you will never file another complaint because I'll personally break both of your hands." *Id.* at 12.

Liberally construed, plaintiff's complaint is sufficient on screening to state a First Amendment retaliation claim and an Eighth Amendment denial of exercise claim against defendant Rangel.

The complaint lists approximately nine additional defendants but there are no allegations linking any of them to a violation of plaintiff's federal statutory or constitutional rights. Thus, he fails to state a claim as to those additional defendants.

Plaintiff may either proceed only with the First and Eighth Amendment claims identified herein against defendant Rangel or he may amend his complaint to attempt to state additional claims. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is not obligated to amend his complaint.

### Leave to Amend

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

3

*Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, viable First Amendment retaliation and Eighth Amendment denial of exercise claims against defendant Rangel.
4. All other claims (including all claims against defendants Byrd, Heath, Briggs, Houston, Juarez, Perey, Juarez, Labao, and Stephenson) are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

/////

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims against defendant Rangel or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

6. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED: August 5, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. BYRD, et al.,<br><br>　　　　　　Defendants. | No.  2:21-cv-0954-EFB P<br><br>NOTICE OF ELECTION |

　　　　In accordance with the court's Screening Order, plaintiff hereby elects to:


　　　　(1) _____　proceed only with the First Amendment retaliation and Eighth Amendment denial of exercise claims against defendant Rangel.
　　　　　　OR


　　　　(2) _____　delay serving any defendant and files an amended complaint.


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff
Dated:

6